1  Steven A. Groode, Bar No. 210500
   sgroode@littler.com
2  LITTLER MENDELSON P.C.
   1255 Treat Blvd., Suite 600
3  Walnut Creek, California 94597
   Telephone: 925.932.2468
4  Fax No: 925.946.9809

5  Anthony Ly, Bar No. 228883
   aly@littler.com
6  LITTLER MENDELSON P.C.
   2049 Century Park East, 5th Floor
7  Los Angeles, California 90067.3107
   Telephone: 310.553.0308
8  Fax No.: 310.553.5583

9  Erin N. Collins, Bar No. 291726
   ecollins@littler.com
10 LITTLER MENDELSON P.C.
   633 West Fifth Street, 63rd Floor
11 Los Angeles, California 90071
   Telephone: 213.443.4300
12 Fax No.: 213.443.4299

13 Attorneys for Defendants
   AMAZON.COM, INC., AMAZON.COM SERVICES
14 LLC, AMAZON WEB SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MARTINHO, as an individual and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 4:22-CV-6849 <br><br> **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> Complaint filed: July 14, 2022 <br> (*Originally filed in Alameda County Superior Court*) |

Defendants' Notice of Removal

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF MICHELLE MARTINHO AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Amazon.com, Inc. (erroneously sued as Amazon.com Inc.), Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively, "Defendants"), hereby remove the state action described herein, filed in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Alameda, and notice of the removal will be provided to counsel for Plaintiff Michelle Martinho ("Plaintiff") in accordance with 28 U.S.C. § 1446(d). Defendants make the following allegations in support of their Notice of Removal:

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of at least one hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## VENUE

2. Plaintiff originally filed this action in the Superior Court of the State of California, County of Alameda. For purposes of removal, venue properly lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).

## PLEADINGS, PROCESS, AND ORDERS

3. On July 14, 2022, Plaintiff filed an unverified Class Action Complaint in the Alameda County Superior Court entitled *Michelle Martinho, as an individual and on behalf of others similarly situated, v. Amazon.com Inc., a Delaware corporation; Amazon.com Services LLC, a Delaware*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal                2.

*limited liability corporate; Amazon Web Services, Inc., a Delaware corporation, and Does 1 through 100, inclusive,* designated as Case No. 22CV014328 (hereinafter, the "Complaint"). (Declaration of Steven A. Groode in Support of Defendants' Notice of Removal to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 ["Groode Decl."], ¶ 2, Ex. A.)

4. The Complaint asserts the following causes of action: (a) Failure to Pay Regular and Minimum Wages, Labor Code § 1194; and (b) Unfair Business Practices (Violation of California Business & Professions Code § 17200 *et seq*.). The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5. On October 5, 2022, each Defendant[1] was served the Complaint, along with copies of the Summons, Civil Case Cover Sheet, Civil Case Coversheet Addendum, Certificate of Mailing, Notice of Case Management Conference, Notice of Confirmation of Electronic Filing, and Plaintiff's Notice of Association of Counsel through Defendant's registered agent for service of process, CSC. (Groode Decl., ¶ 3, Ex. A, B.)

6. On November 2, 2022, Defendants filed an Answer in the Alameda County Superior Court. (Groode Decl., ¶ 4, Exhibit C.)

7. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been served on any defendant other than as described above. To Defendants' knowledge, no proceedings related hereto have been heard in the Alameda County Superior Court. (Groode Decl., ¶ 5.)

## TIMELINESS OF REMOVAL

8. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe*

---

[1] As stated in Defendants' Answer, Plaintiff was employed by Amazon.com Services LLC, not Amazon.com, Inc. or Amazon Web Services, Inc. Amazon.com, Inc. and Amazon Web Services, Inc. are improperly named as defendants in this action. For example, while Plaintiff alleges that she and the purported class members worked at warehouses, distribution centers, and fulfillment centers in California, Amazon Web Services, Inc. does not operate distribution centers, warehouses, or fulfillment centers. Rather, it operates an online platform providing cloud computing and storage services.

*Stringing, Inc.*, 526 U.S. 344, 346 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

9. Removal of this action is timely. Plaintiff served Defendants on October 5, 2022. Thirty days from October 5, 2022, is Friday, November 4, 2022.

## CAFA JURISDICTION

10. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which the putative class consists of at least one hundred members, any member of the putative class of plaintiffs is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A. The Proposed Class Contains At Least 100 Members

11. The provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). This requirement is met in the case at bar.

12. Plaintiff defines her class as "all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California who, after being told they were hired, had to come to an Amazon facility or location in California to perform work that they were not paid for during the period from July 12, 2018 to the present." (Complaint ¶ 20.)[2]

13. Since July 14, 2018, Defendant Amazon.com Services LLC has hired more than 275,000 persons at its warehouses, distribution centers, and fulfillment centers in California.

14. Accordingly, CAFA's requirement of 100 or more putative class members is easily satisfied in this case.

---

[2] As explained in paragraph 34 below, Plaintiff's Unfair Competition Law claim may extend the statute of limitations for her wage claim from three years to four years. Thus, based on the date the Complaint was filed, July 14, 2022, the alleged relevant period is from July 14, 2018 to the present.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal                4.

### B. Defendants Are Not Governmental Entities

15. CAFA does not apply to class actions where the "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

16. None of the Defendants are a state, state official, or other government entity exempt from CAFA. Amazon.com Services LLC is a limited liability company, Amazon Web Services, Inc. is a corporation, and Amazon.com, Inc. is a corporation. Plaintiff concedes in her Complaint that Defendants are business entities. (Complaint ¶¶ 10-12)

### C. There Is Diversity Between At Least One Class Member And One Defendant

17. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and at least one of the Defendants are citizens of different states.

18. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).

19. Plaintiff alleges she "is an adult who resides in the State of California." (Complaint ¶ 9.) Residency is sufficient to establish citizenship of individuals for diversity purposes. *See Albrecht v. Lund,* 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

20. Pursuant to 28 U.S.C. §§ 1332(c) and 1332(d)(10), a corporation or unincorporated association is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is incorporated or organized. Thus, for purposes of a CAFA removal, a

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal                5.

limited liability company's citizenship is treated in the same manner as a corporation's citizenship under traditional diversity standards.

21. To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, a defendant's principal place of business is where its officers direct, control, and coordinate its activities. *Id*.

22. Amazon.com Services LLC is a limited liability company organized and existing under the laws of the State of Delaware. (Complaint ¶11.) It is headquartered in Seattle, Washington, where it has its principal place of business. (*Id*.)

23. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

24. Accordingly, the named Plaintiff is a citizen of a state (California) different from at least one Defendant (Amazon.com Services LLC, which is a citizen of Delaware and Washington) and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**D.     The Amount In Controversy Exceeds $5,000,000**[3]

25. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all putative class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

26. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court

---

[3] The alleged damages calculations contained herein are for purposes of removal only. Defendants expressly deny that Plaintiff or the putative class is entitled to any relief whatsoever, and Defendants expressly reserve the right to challenge Plaintiff's alleged damages in this case.

recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

27.   For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that the Plaintiff will prevail on her claims. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover. An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be less than the requisite amount …") The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy); *Arias*, 936 F.3d at 927 (finding defendant may rely on assumptions in its chain of reasoning, so long as they have "some reasonable ground underlying them.") (quotation and citation omitted).

28.   Although the Complaint does not identify a specific amount of alleged damages, it seeks "all regular and minimum wages owed for unpaid time worked after being told they were hired when they were required to come to an Amazon facility" to complete tasks, which Plaintiff alleges took "approximately 1-2 hours." (Complaint, ¶ 34 and Prayer for Relief, ¶ 4.) Plaintiff also seeks restitution, attorneys' fees, expenses and costs, and pre- and post-judgment interest. (Complaint, Prayer for Relief, ¶¶ 5-7.)

29.   Defendant is permitted to use reasonable assumptions to establish the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (finding a removing

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal   7.

defendant is permitted "to rely on a chain or reasoning that includes assumptions," and such assumptions are reasonable if founded on the allegations of the complaint).

30. Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

### 1. Failure to Pay Wages

31. Plaintiff alleges that "she and similarly situated employees were not paid for certain specific time worked." (Complaint ¶ 31.) The class is defined as "all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California who, after being told they were hired, had to come to an Amazon facility or location in California to perform work that they were not paid for during the period from July 12, 2018 to the present." (Complaint ¶ 20.) Plaintiff alleges the unpaid wages were the result of a "common business practice or factual pattern." (Complaint ¶ 28.)

32. Plaintiff alleges that Defendants "creat[ed] and maintain[ed] policies, practices, and customs that knowingly deny employees their wages for all hours worked during the hiring process, during the employee onboarding process, and after the time of hire but prior to the day of and the start of their first scheduled shift." (Complaint ¶ 4.) Plaintiff further alleges that as a result of this "uniform corporate policy, procedure, and practice, Defendants violated Labor Code § 1194 by willfully failing to pay Plaintiff and similarly situated employees for time spent subject to Defendants' control after their hire and prior to the start of their first scheduled shift." (*Id.* at ¶ 37.) Plaintiff also alleges that the "pattern, practice, and uniform administration" of the above purported policy "entitle[s] . . . Plaintiff and the class . . . [to] damages and wages owed and for costs and attorneys' fees." (*Id.* at ¶ 38.)

33. Plaintiff alleges Defendants' uniform policy, procedure, and practice required new hires during the statutory period to come to an Amazon facility in California to complete the following tasks under their "employer's control" without compensation: (1) complete forms concerning

eligibility to work legally; (2) bring documents regarding eligibility to work legally; (3) take an identification card photo; and (4) take a drug test." (Complaint ¶¶ 31, 37, 38.) Plaintiff alleges that she and each alleged putative class member spent 1 to 2 hours performing these activities without compensation. (Complaint ¶ 31.)

34. The California Labor Code provides that employees receiving less than the minimum wage are entitled to recover the unpaid balance of the minimum wage. Cal. Labor Code § 1194. Plaintiff includes a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* (Complaint ¶¶ 39-45.) Alleging a UCL violation may extend the statute of limitations for Plaintiff's and the putative class's claim for unpaid wages from three to four years before the filing of the Complaint. In this case the statute of limitations is extended to July 14, 2018. *See* CAL. BUS. & PROF. CODE § 17208; *Cortez v. Purolater Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

35. Based on a preliminary review of relevant business records, Amazon.com Services LLC has hired at least 275,000 people in positions at Amazon warehouses, distribution centers, and fulfillment centers in California since July 14, 2018. The average starting hourly rate for Amazon.com Services LLC's employees since July 14, 2018 is at least approximately $17.50.

36. Alleging a "pattern and practice" can reasonably be interpreted to mean that each class member suffered the alleged harm. *See Danielsson v. Blood Centers of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *1–8 (N.D. Cal. Dec. 30, 2019) (finding one hour of overtime for every class member, every week, was reasonable where the complaint alleged a "pattern and practice" of failing to pay overtime wages).

37. Amazon denies the validity and merit of Plaintiff's claim for unpaid wages. For purposes of removal only, and taking Plaintiff's allegations to be true, and assuming that each alleged putative class member is owed an average of 1.5 hours, the amount in controversy for the unpaid wages claim totals at least **$7,218,750**. (275,000 employees x 1.5 hours of unpaid wages x $17.50 per hour.[4])

---

[4] California's minimum wage was $11.00 per hour in 2018, $12.00 in 2019, $13.00 in 2020, $14.00 in 2021, and $15.00 starting in 2022. *See* State of California Department of Industrial Relations, Schedule

Defendants' Notice of Removal    9.

### 2. Attorneys' Fees

38. Plaintiff also seeks attorneys' fees and costs in her Complaint. (Complaint, Prayer for Relief ¶ 6.) It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.") The attorneys' fees benchmark in the Ninth Circuit is twenty-five percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Smith v. Advanced Clinical Emp. Staffing, LLC*, No. 5:21-CV-07325-EJD, 2022 WL 2037080, at *1–5 (N.D. Cal. June 7, 2022) (applying attorneys' fees of 25% of aggregate damages where plaintiffs' counsel had received 30% award in another wage case); *Danielsson v. Blood Centers of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *1–8 (N.D. Cal. Dec. 30, 2019) (holding 25% for attorneys' fees is reasonable).

39. As discussed above, the amount in controversy for Plaintiff's unpaid wages claim is at least $7,218,750. Taking into account attorneys' fees at the benchmark percentage of twenty-five percent further increases the amount in controversy by approximately $1,804,687.50 ($7,218,750 x 0.25) for a total amount in controversy of at least **$9,023,437.50.**[5]

---

for California Minimum Wage rate 2017-2023, available at https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last accessed October 31, 2022). The amount in controversy for this claim exceeds $5,000,000 even when using an average starting rate of $13.00, which is the mid-point minimum wage in effect during the relevant time period. (275,000 employees x 1.5 hours of unpaid wages x $13.00 per hour = **$5,362,500**.)

[5] Plaintiff also seeks open-ended relief "[f]or such other and further relief the court may deem just and proper." (Complaint, Prayer for Relief ¶ 9.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000). Plaintiff's claim restitution also increase the amount in controversy. (Complaint, Prayer for Relief ¶¶ 5, 7.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal     10.

**SUMMARY**

40.     Removal of this action is therefore proper as the amount in controversy of Plaintiff's claims is well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claim | Amount in Controversy |
|---|---|
| 1. Unpaid Wages | $7,218,750 |
| 2. Attorneys' Fees | $1,804,687.50 |
| **Amount in Controversy** | **$9,023,437.50** |

**NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

41.     Following the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Law Offices of Peter M. Hart, and a copy of the Notice of Removal will be filed with the Clerk of the Alameda County Superior Court. (Groode Decl., ¶ 6.)

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated:   November 3, 2022

LITTLER MENDELSON, P.C.

/s/ *Steven A. Groode*
Steven A. Groode
Anthony Ly
Erin N. Collins

Attorneys for Defendants
AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AMAZON WEB SERVICES, INC.

4859-4625-1322.5 / 096748-1011

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants' Notice of Removal            11.