**MARLIN & SALTZMAN, LLP**
Cody R. Kennedy, Esq. (SBN 296061)
ckennedy@marlinsaltzman.com
Tatiana Avakian, Esq. (SBN 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (State Bar No. 198691)
Ashlie E. Fox (State Bar No. 294407)
12121 Wilshire Blvd., Suite 525
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com
ashlie.fox.loph@gmail.com

Attorneys for Plaintiff Michelle Martinho

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MARTINHO, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM INC., et al.<br><br>Defendants. | Case No.: 4:22-cv-06849-YGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE:     February 20, 2024<br>TIME:     2:00 p.m.<br>CRTRM:  1<br><br>Complaint Filed:  July 14, 2022<br>Trial Date:          None Set |

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

| | |
|---|---|
| 1 | Larry W. Lee (State Bar No. 228175) |
| 2 | Kristen M. Agnew (State Bar No. 247656) |
|   | Nicholas Rosenthal (State Bar No. 268297) |
| 3 | Max W. Gavron (State Bar No. 291697) |
|   | Kwanporn "Mai" Tulyathan (State Bar No. 316704) |
| 4 | **DIVERSITY LAW GROUP, P.C.** |
| 5 | 515 S. Figueroa Street, Suite 1250 |
|   | Los Angeles, CA 90071 |
| 6 | (213) 488-6555 |
|   | (213) 488-6554 facsimile |
| 7 | lwlee@diversitylaw.com |
|   | kagnew@diversitylaw.com |
| 8 | nrosenthal@diversitylaw.com |
| 9 | mgavron@diversitylaw.com |
|   | ktulyathan@diversitylaw.com |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 20, 2024, at 2:00 p.m. or as soon thereafter as the matter may be heard in Department 1, before the Honorable Yvonne Gonzalez Rogers, in the above-entitled court, Plaintiff Michelle Martinho ("Plaintiff") will and hereby does move for an Order granting Plaintiff leave to file the proposed First Amended Complaint (the "FAC"), pursuant to Federal Rule of Civil Procedure 15(a). True and correct copies of the clean and redlined versions of the FAC are attached to the Declaration of Max Gavron as **Exhibits A and B**.

This Motion shall be based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Max W. Gavron, the proposed First Amended Complaint, on the files and pleadings in this action, on any matters the Court may take judicial notice of, and on such other and further information as the Court may require.

DATED: January 16, 2024

MARLIN & SALTZMAN,
LAW OFFICES OF PETER M. HART
DIVERSITY LAW GROUP, P.C.

By:  /s/ Max W. Gavron
Cody R. Kennedy
Tatiana Avakian
Peter M. Hart
Ashlie E. Fox
Larry W. Lee
Kristen M. Agnew
Nicholas Rosenthal
Max W. Gavron
Kwanporn "Mai" Tulyathan
Attorneys for Plaintiff
Michelle Martinho

3

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

I.  INTRODUCTION

Plaintiff Michelle Martinho ("Plaintiff") timely moves for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15. Plaintiff's proposed amendment revises the putative class and sub-class definitions.  Plaintiff does not include any additional claims or theories of liability in the proposed amendment.  The Court should grant this Motion because: (1) leave to amend should be granted liberally when requested within the time permitted by the scheduling order; (2) Defendants Amazon.Com Inc., Amazon.com Services, LLC, and Amazon Webservices, Inc. ("Defendants") will not be prejudiced by the amendment; and (3) Plaintiff promptly moved for leave following the addition of new counsel, review of relevant discovery, and additional investigation.

Plaintiff anticipates also requesting that Defendants stipulate to the proposed amendment but moves for leave to preserve her rights and comply with the Court's scheduling order.

II.  FACTUAL BACKGROUND

A.  Procedural Background & Discovery

On July 14, 2022, Plaintiff filed her putative class action complaint in Alameda Superior Court, which alleges claims for: (1) Failure to Pay Regular and Minimum Wages, Labor Code § 1194; and (2) Unfair Business Practices (Violation of California Business & Professions Code § 17200, et seq.).  *See* Dkt. No. 1-1.  On November 3, 2022, Defendant removed this action to the Northern District of California.  Dkt. No. 1.  On July 24, 2023, the Court issued its Case Management Scheduling Order, which provides the last date to join parties or amend pleadings is January 15, 2024.  Dkt. No. 29.  January 15, 2024 is Martin Luther King, Jr. Day, which is a federally recognized holiday.  Fed. R. Civ. Pro. 6(a)(6); s*ee also https://cand.uscourts.gov/calendars/court-holidays/* (accessed January 16, 2024).

On October 18, 2023, Defendant filed a Notice of Substitution of Counsel.  Dkt. No. 32.  On November 14, 2023, Plaintiff filed a Notice of Association of Counsel, which associated Diversity Law Group ("DLG") as counsel of record for Plaintiff.  Dkt. Nos. 34-39.

The Parties have been actively litigating the action and exchanging written discovery and producing of documents.  Declaration of Max W. Gavron ("Gavron Decl.") ¶ 2.  The Parties

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

continue to meet and confer regarding outstanding discovery items. *Id.* Prior to DLG's involvement in this action, in July 2023, Defendant produced over 3,000 pages of documents. *Id.* ¶ 2. In August 2023, Defendant produced additional documents. *Id.* Following additional meet and confer efforts and the substitution of defense counsel, in November 2023, Defendant produced a sampling of contact information for the putative class. *Id.* Given the recent addition of counsel, Plaintiff and her counsel continue to analyze and review the information produced by Defendant. *Id.*

Following Plaintiff's further analysis and review of documents produced and information obtained, Plaintiff wishes to refine the proposed class definitions articulated in her complaint and therefore requests that the Court grant leave to amend to file a First Amended Complaint ("FAC"). Gavron Decl. ¶ 3, Ex. A (redline FAC); Ex. B (final FAC).

**B. Proposed Amendment**

Plaintiff's FAC does not seek to add any additional claims or causes of action. *Id.* Instead, it merely seeks to refine the proposed class definitions following the analysis and review of information discovered to date. The modifications to the putative class definitions are set forth in redline here:

**CLASS ACTION ALLEGATIONS**

20. Class Definition: The named individual Plaintiff brings this action on behalf of herself and a Class of all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California who~~, after being told they were hired, had to come to an Amazon facility or location in California to perform work that they were not paid for~~ completed the new hire application process at any time during the period from July 12, 2018 to the present, including the following Subclasses:

(a) all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California who ~~after being told they were hired~~ were required to ~~come~~go to an Amazon facility or location in California and ~~had to~~ complete forms concerning eligibility to work legally at any time during the period from July 12, 2018 to the present and prior to the start of their first compensated shift ~~and were not paid for this time~~;

~~(b)~~ (b) all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California who ~~after being told they were hired~~ were required to come to an Amazon facility or location in California and ~~had~~submit to ~~bring documents regarding eligibility~~a drug test at any time during the period from July 12, 2018 to ~~work legally~~ the present and prior to the start of their first compensated shift ~~and were not paid for this time~~; and

~~(c)~~ (c) all current and former employees of Defendants who worked at Amazon warehouses, distribution centers, and fulfillment centers in California who ~~after being told they were hired~~ were required to ~~come~~go to an Amazon facility or location in California to have an identification card ~~photo taken prior to the start of their first shift and were not paid for this~~processed at any time during the period from July 12, 2018 to the present and prior to the start of their first compensated shift.

Plaintiff specifically limits the class to these specific work actions of unpaid time and specifically excludes any and all unpaid or paid time on the day of the start of their first ~~scheduled~~compensated shift and anytime thereafter.

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Gavron Decl. ¶ 3, Ex. A (redline FAC). Plaintiff made additional revisions to factual allegations throughout the FAC, which are attached in redline for ease of reference, but which do not add any additional causes of action. *Id.*

### III.  LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its complaint "with the opposing party's written consent or the court's leave" and provide that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that requests for leave to amend should be granted with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The court considers the following factors in deciding whether to grant leave to amend: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith; (3) whether the amendment will unduly prejudice the opposing party; and (4) whether the amendment is futile. *See Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999); *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### IV.  DISCUSSION

Plaintiff addresses each of the relevant factors for the Court's consideration below keeping in mind that, "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

#### A.  Whether the Amendment Was Filed with Undue Delay

"Undue delay by itself…is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Here, Plaintiff has not delayed in seeking amendment. Defendant produced voluminous documents in July 2023, which was followed by both Parties obtaining new counsel. Gavron Decl. ¶¶ 2-3. Following the production of the sampling of

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

contact information for the putative class in November 2023 and additional investigation, Plaintiff promptly moves to amend the class definition to articulate the definition putative class more clearly. While the deadline to move to amend set forth in the Court's scheduling order was January 15, 2024, where the last day to complete an act falls on a holiday, the Federal Rules of Civil Procedure Provide the deadline is continued to the next business day. Fed. R. Civ. P. 6(a)(3); *see also Keyser v. Sacramento City Unified School Dist.*, 265 F3d 741, 747 (9th Cir. 2001). Accordingly, this factor weighs in favor of granting leave.

### B. Whether the Movant has Requested the Amendment in Bad Faith

There is no evidence of bad faith in seeking amendment. Following the addition of new counsel and additional investigation following the production of the putative class members' contact information, Plaintiff promptly moves to amend. Plaintiff moves within the time permitted by the scheduling order. *See* Dkt. No. 29. Plaintiff also anticipates requesting that Defendant stipulate to the amendment to relieve the Court of the burden of addressing this motion. Gavron Decl. ¶ 4.

### C. Whether the amendment will unduly prejudice the opposing party

Prejudice is the "touchstone of the inquiry under rule 15(a)." *Eminence*, 316 F.3d at 1052. Defendant will not suffer prejudice because of the amendment. The Court has yet to set a trial date, and Plaintiff's deadline to move for class certification is not until June 2024. Dkt. No. 31. No depositions have taken place to date. Gavron Decl. ¶ 2. The refinement of the class definitions will assist both parties and the Court in crystallizing the issues ripe for litigation. At this time, Plaintiff does not seek to add any additional claims or otherwise broaden the issues in this case. Even if Plaintiff were to request to add additional claims altogether, "the attendant burden of having to defend against a new claim, by itself, is not undue prejudice under Federal Rule 15." *See DCD Programs*, 833 F.2d at 186; *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Accordingly, Defendant will not be prejudiced by the proposed amendment.

### D. Whether the amendment is futile

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-*

7

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The test for futility is the same as one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Id.* at 214. Here, the proposed amendment does not alter the legal character of the claims and thus is not futile. Accordingly, this too weighs in favor of granting leave.

### V. CONCLUSION

Plaintiff requests that the Court grant leave to file the proposed FAC for the reasons set forth above.

DATED: January 16, 2024

MARLIN & SALTZMAN,
LAW OFFICES OF PETER M. HART
DIVERSITY LAW GROUP, P.C.

By: /s/ Max W. Gavron
Cody R. Kennedy
Tatiana Avakian
Peter M. Hart
Ashlie E. Fox
Larry W. Lee
Kristen M. Agnew
Nicholas Rosenthal
Max W. Gavron
Kwanporn "Mai" Tulyathan
Attorneys for Plaintiff
Michelle Martinho

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE FIRST AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT